```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

TANYA NICOLE KACH,            )
    Plaintiff,            )
                          )
    v.                    )   Civil Action No. 06-1216
                          )
THOMAS HOSE, at al.,          )
    Defendants            )

MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                           April 23, 2007

    This is an action under 42 U.S.C.A. § 1983 alleging violation of plaintiff's Constitutional rights. Plaintiff has also alleged violation of the Racketeer Influence and Corrupt Organizations Act, and has brought various state law claims. All claims stem from the more than 10 year abduction of plaintiff by Mr. Hose, a security guard working in the McKeesport School District. Plaintiff has sued Mr. Hose, his parents, his employer, Judith Sokol (Mr. Hose's alleged accomplice), the City of McKeesport and its School Board, School District, and Police Department, as well as numerous McKeesport officials.

    The City of McKeesport, E. Michael Elias, and Tom Carter, who have both been sued in their capacities as McKeesport Police officials, have filed a motion to dismiss the RICO and section 1983 claims against them under Rule 12(b)(6) [doc. no. 34]. For the reasons set forth below, the motion will be granted as to the RICO claim, but denied as to the section 1983 claim.

I.      FACTUAL BACKGROUND

Plaintiff has sued a myriad of individuals and entities in connection with her more than ten year abduction by Thomas Hose. Counts I and II are asserted against the City of McKeesport, and Tom Carter and E. Michael Elias, in their official capacities with the McKeesport Police. Counts I and II are the only counts asserted against these defendants.[1]

In Count I plaintiff alleges that these defendants violated the Racketeer Influence and Corrupt Organizations Act by intentionally obstructing the administration of the law by breeching their duties and engaging in bribery in official and political matters.

In Count II plaintiff alleges that these defendants violated her Constitutional rights by failing to adequately train and supervise police officers, and due to their policy or custom of inadequate response to, or investigation of, citizen complaints. Plaintiff also claims that defendants' failure to train or supervise police officers enhanced the risk that she would suffer harm.

---

[1] Plaintiff has also sued Tom Carter in his capacity as a member of the McKeesport School Board. See Count III. However, defendant Carter has not moved to dismiss this count.

These defendants have moved to dismiss Count I, the RICO claim, on the ground that it suffers from various legal and factual deficiencies, including a lack of standing, a failure to sufficiently allege the predicate acts, the legal requirement that the person and the enterprise be separate under the law, and the unavailability of treble damages against a municipality. They have moved to dismiss Count II, the section 1983 claim, on the ground that there is no Constitutional right to a public education, there is no causal connection between defendants' acts and plaintiff's damages, and because there is no respondeat superior liability under section 1983.

For the reasons discussed below, we will dismiss the RICO claim. The section 1983 claim survives the motion to dismiss.

II.    LEGAL STANDARDS

A Rule 12(b)(1) motion is a challenge to this court's subject matter jurisdiction. Where a federal court lacks jurisdiction over the subject matter of a claim it must be dismissed. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). As a general rule, the party whose burden it is to plead jurisdiction is not provided the presumption of truth as to any facts pleaded in the complaint that must be resolved in answering the jurisdiction question. Dunleavy v.

County of Delaware, 123 F.3d 734, 736 n.2 (3d Cir. 1997) (stating general rule, but finding it inapplicable on the facts). In addition, where a federal court's jurisdiction is at issue, a court may look beyond the pleadings to satisfy itself as to the existence, or nonexistence, of jurisdiction. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

A Rule 12(b)(6) motion challenges the ability of the complaint to state a claim upon which relief can be granted. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988).

While deference is given to a plaintiff in terms of factual allegations and inferences, we need not credit bald, conclusory allegations, or legal conclusions cast in the form of factual allegations. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Moreover, plaintiff must set forth sufficient

information to outline the elements of her claims or to permit inferences to be drawn that these elements exist. Fed. R. Civ. P. 8(2)(a). We do not consider matters outside the pleadings.

III.  DISCUSSION

    A.  RICO Claim

We will dismiss plaintiff's RICO claim against the City of McKeesport and defendants Elias and Carter pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff does not have standing to assert a RICO claim because she has not suffered damages compensable under the RICO statute, and therefore, this court has no jurisdiction over the case.

To have standing to pursue a RICO claim, plaintiff must have suffered an injury to "business or property" as a result of the racketeering activity. 18 U.S.C.A. §§ 1962, 1964(c); Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496-97 (1985); Maio v. Aetna, Inc., 221 F.3d 472, 482 n.7 (3d Cir. 2000). Personal injuries, or financial losses that derive from personal injuries, are not a cognizable injury sufficient to confer RICO standing on a plaintiff. Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979); Genty v. Resolution Trust Corp., 937 F.2d 899, 918 (3d Cir. 1991); see also Vavro v. Albers, 2006 WL 2547350, *19-21 (W.D. Pa. Aug. 31, 2006) (citing cases). Plaintiff alleges that

she suffered two types of injuries as a result of these defendants' racketeering activities: (1) lost income; and (2) tax payments rendered on her behalf.

### 1. Lost Income

A RICO plaintiff cannot recover income lost due to an inability to work, or damages to her future earning capacity. See e.g. Murphy v. Bancroft Construction Co., 135 Fed.Appx. 515, 518-19, 2005 WL 1059249, *3 (3d Cir. May 5, 2005); Evans v. City of Chicago, 434 F.3d 916, 925-28 (7th Cir. 2006) (distinguishing loss of employment opportunity from loss of contracted for wages); Grogan v. Platt, 835 F.2d 844, 846-47 (11th Cir. 1988). Plaintiff relies on only two cases to support her assertion to the contrary - Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1170 (3d Cir. 1989) and Callan v. State Chemical Mfg. Co., 584 F.Supp. 619, 623 (E.D. Pa. 1984). However, these cases do not advance plaintiff's position.

First, they are factually distinguishable. In both, plaintiffs were fired from jobs that they currently held as a direct result of racketeering activity. They sought to recover the damages caused by being fired from those jobs. The injury was not to earning capacity, or to hypothetical wages lost, but to an actual job lost only because they refused to participate

in, or conceal, racketeering activity.  Plaintiff's alleged injury is different than the job loss injuries recognized in these cases.

Second, the holding from Shearin on which plaintiff relies was reached under a different section of RICO, and has been abrogated by the United States Supreme Court.  In Shearin, the Court of Appeals for the Third Circuit held that a section 1962(c) claim, which is the claim asserted by plaintiff in this case, could not be premised solely on any injuries caused by being fired from a job.  But, the Court of Appeals allowed such a firing to sustain a claim under section 1962(d), a cause of action not asserted by plaintiff in this case.[2]  However, the United States Supreme Court later held that being fired from a job could not sustain a cause of action under section 1962(d) either.  Beck v. Prupis, 529 U.S. 494, 505-06 (2000); see Burton v. Ken-Crest Services, Inc., 127 F.Supp.2d 673, 677-78 & n.5 (E.D. Pa. 2001) (discussing the significance of the holdings in

---

[2]   Although plaintiff refers to section 1962(d) in paragraph 32 of her complaint, we find that she cites that section in error.  The requirement that the pattern of racketeering activity "affect interstate commerce", as recited in paragraph 32, appears in the text of section 1962(c), not section 1962(d), which plaintiff mistakenly cites in her complaint.  She has not asserted a conspiracy claim under section 1962(d) in this case.

Shearin and Beck). Therefore, the purported holding in Shearin relied on by plaintiff, i.e., that loss of a job can qualify as a property or business injury under RICO: (1) was not issued under section 1962(c) of RICO, which is the cause of action asserted by plaintiff in this case; and (2) has been abrogated by the Supreme Court.

Finally, the Callan decision, from our sister court in the Eastern District, is not controlling on this court.

Therefore, plaintiff cannot obtain the result that she desires by reference to these two cases. Nor, do we find that plaintiff's argument is so compelling or situation so unique such that we should expand the protections of RICO to her under the facts of this case. Here, plaintiff claims that had she not been held captive for ten years she would have had some, hypothetical, job. She goes on to posit that if she had some job, she would have received a paycheck, and also would have developed work skills entitling her to higher paying jobs in the future. Under plaintiff's theory, because she was held captive by Mr. Hose, she was never able to obtain a job in order to receive those paychecks or those work skills. However, we view this alleged business injury as simply a pecuniary loss antecedent to the personal injuries caused by her captivity, which are never recoverable under RICO.

### 2. Tax Payments

Nor can plaintiff rely on tax payments made on her behalf as an injury to her business or property sufficient to confer RICO standing. According to plaintiff, because these tax payments were used by the City of McKeesport to pay the salaries of corrupt officials who engaged in racketeering activity, she has suffered an injury to her property. Although a novel argument, it is without merit. By plaintiff's own admission, she never made any such tax payments. Rather, unidentified "others" made them on her behalf. Plaintiff cannot assert a harm to her property where no payments were ever made from her property.

Moreover, although we need not reach this issue, we suspect that such payments would be too attenuated to confer RICO standing, even had they been made by plaintiff directly.[3] Moreover, proving what portion of plaintiff's taxes went to paying some portion of these two individuals' salaries that were allegedly wrongful would be difficult, if not impossible.

---

[3] Although, again, not necessary to resolving this issue, we question what tax payments were being made on plaintiff's behalf to the City if she earned no wages and presumably owned no property.

9

B.  Section 1983 Claim

We will not dismiss plaintiff's section 1983 claim. Plaintiff has adequately alleged a violation of her Constitutional rights under the applicable law. These defendants argue that because there is no Constitutional right to police protection or a public education, plaintiff cannot assert a section 1983 claim. However, contrary to how these defendants characterize plaintiff's complaint, she has alleged that her Constitutional right to liberty was infringed. Plaintiff also specifically set forth her theories for section 1983 liability in her complaint, i.e., failure to train, failure to supervise, a policy and custom of inadequate police action[4], and state-enhanced danger. We cannot say at this juncture that none of these theories can be ultimately successful.

Nor can we say that plaintiff has failed to allege a sufficient causal connection between the actions of these defendants and her harm. Rather, plaintiff has alleged exactly such a connection. These defendants simply argue that plaintiff will be unable to prove the required causation given the intervening acts of third parties. While it is possible that

---

[4]  We reject defendants' claim that plaintiff is seeking recovery under a respondeat superior theory of liability under section 1983. Rather, she has adequately pled appropriate forms of municipal and official liability under the law.

10

these defendants will be proven right once the facts are discovered, we cannot decide the issue on the pleadings. For purposes of deciding a motion to dismiss, we find that the allegations of the complaint adequately allege the required causal connection.

IV.  CONCLUSION

For the reasons set forth above, defendants' motion will be granted as to the RICO claim, and denied as to the section 1983 claim. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA NICOLE KACH,<br>    Plaintiff,<br><br>    v.<br><br>THOMAS HOSE, at al.,<br>    Defendants | )<br>)<br>)<br>)  Civil Action No. 06-1216<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 23rd day of April, 2007, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. no. 34] is GRANTED as to Count I, and DENIED as to Count II. Count I of the Complaint is hereby DISMISSED due to lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a surreply [doc. no. 45] is GRANTED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record