IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA NICOLE KACH, <br>     Plaintiff, <br><br> v. <br><br> THOMAS HOSE, at al., <br>     Defendants | ) <br> ) <br> ) <br> ) Civil Action No. 06-1216 <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM and ORDER

Gary L. Lancaster,                          April 23, 2007
District Judge.

This is an action under 42 U.S.C.A. § 1983 alleging violation of plaintiff's Constitutional rights. Plaintiff has also alleged violation of the Racketeer Influence and Corrupt Organizations Act, and has brought various state law claims. All claims stem from the more than 10 year abduction of plaintiff by Mr. Thomas Hose, a security guard working for the McKeesport School District. Plaintiff has sued Mr. Hose, his parents, his employer, Judith Sokol (Mr. Hose's alleged accomplice), the City of McKeesport and its School Board, School District, and Police Department, as well as numerous McKeesport officials.

Plaintiff has filed three identical motions requesting that default judgments be entered against defendants Judith Sokol, Eleanor Hose, and Howard Hose [doc. nos. 41, 42, and 43]. The Clerk of Court entered default against these three defendants on March 6, 2007 [doc. no. 50]. Plaintiff requests that the court now enter default judgment against these three defendants and set a hearing date to determine the amount of damages attendant to

the judgments. Plaintiff's motions will be denied.

After the Clerk of Court enters default against a party, this court has the ability to enter a default judgment against that same party. Fed. R. Civ. P. 55(b)(2). The fact that default has been entered, however, does not automatically entitle the moving party to a judgment by default. Rather, the decision to enter a judgment by default is left to the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). We are to consider three factors in deciding whether to enter default judgment: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct, taken willfully and in bad faith. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). The Court of Appeals for the Third Circuit does not favor defaults or default judgments. Hritz, 732 F.2d at 1181.

Plaintiff's motions fall short of proving her entitlement to entry of the requested default judgments. She has not presented any evidence showing that she will be prejudiced if default judgment is not entered. Nor has she established that these defendants delayed willfully and in bad faith. See Hill v. Williamsport Police Dept., 69 Fed. Appx. 49, 51-52, 2003 WL 21466902 (3d Cir. Apr. 16, 2003) (holding that when a plaintiff did not demonstrate that he would be prejudiced by a lack of a default judgment and did not offer a reason to believe that

defendant had acted willfully or in bad faith, the district court's denial of a default judgment was not an abuse of discretion). Because of these deficiencies, we will not enter default judgment against these three defendants.

Moreover, we note that even if plaintiff had set forth facts justifying entry of a default judgment, we would not be inclined to enter such a judgment in this case. This is not a commercial case with a sum certain of damages in dispute. Rather, it is a complex civil rights suit in which plaintiff is seeking unspecified damages caused by her more than ten year abduction, and abuse, allegedly at the hands of Thomas Hose, and others. Setting an amount of damages would require, essentially, a full trial on the merits to determine the circumstances of plaintiff's abduction, what types of injuries were caused by it, and the exact amount of damages.

Moreover, entry of the requested default judgments would not dispose of the entirety of this case. Rather, numerous claims, arising under the same facts, against almost a dozen individuals and entities would remain. Addressing the same issues in a hearing to set the amount of the default judgments as will be addressed in a full trial on the merits of the remainder of this case would waste judicial resources and be inefficient for all parties involved.

For these reasons, we will deny plaintiff's motions for entry of default judgment. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA NICOLE KACH,<br>    Plaintiff,<br><br>v.<br><br>THOMAS HOSE, at al.,<br>    Defendants | Civil Action No. 06-1216 |

### ORDER

AND NOW, this 23 day of April, 2007, IT IS HEREBY ORDERED that plaintiff's motions for default judgment [doc. nos. 41, 42, and 43] are DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record