IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANYA NICOLE KACH,  )
    Plaintiff,  )
  )
v.  )  Civil Action No. 06-1216
  )
THOMAS HOSE, at al.,  )
    Defendants  )
  )

## ORDER

AND NOW, this 7th day of January, 2008, IT IS HEREBY ORDERED that the motion to compel release of records from the Allegheny County Office of Children, Youth and Families filed by defendants the City of McKeesport, E. Michael Elias and Tom Carter, in his capacity as Chief of the McKeesport Police, [Doc. No. 73] is GRANTED.[1]

IT IS FURTHER ORDERED that the Allegheny County Office of Children, Youth and Families shall provide defendants with a full

---

[1] The court recognizes that the Allegheny County Children, Youth and Families has cited the Pennsylvania Child Protective Services Law, 23 Pa. Const. Stat. Ann. §§ 6339, 6340 and 55 Pa. Code §§ 3680.34, 3680.35, in support of its position that its documents relating to plaintiff are confidential and not discoverable in this case. In federal court, however, discovery disputes are governed by federal law. State privileges only apply in federal court where state law governs the dispute. See Fed. R. Evid. 501. As plaintiff has alleged a Section 1983 claim, federal privilege law applies and the aforementioned state statutory confidentiality provisions do not govern the present dispute. See Person v. Miller, 211 F.3d 57, 66 (3d Cir. 2000) ("No decisions of this court have, as a matter of federal common law, recognized the privileges of the sort contemplated by the [Pennsylvania Child Protective Services Law]...").

and complete copy of all of its file materials related to plaintiff (hereinafter "CYF Documents") within twenty (20) days of the date of this Order.

IT IS FURTHER ORDERED that, until further Order of the court, if any, the CYF Documents are deemed confidential and will be stamped "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION." The CYF Documents are not to be accessible to anyone other than the counsel of record in this case, except that counsel of record in this case may share said documents with any expert retained for purposes of this litigation. Any expert to whom the CYF Documents are disclosed must abide by the terms of this Order. Plaintiff is entitled to review the CYF Documents without limitation.

IT IS FURTHER ORDERED that if any counsel of record believes it is necessary to share any CYF Documents with someone other than a person who is permitted to review the documents under the foregoing provisions, he or she may move the court to do so.

IT IS FURTHER ORDERED that within thirty (30) days after final conclusion of this case (including conclusion of any appeals) all counsel of record in possession of any of the CYF Documents, and any expert in possession of any of the CYF Documents will destroy said documents.

BY THE COURT:

_____, J.

cc: All Counsel of Record

2