IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA NICOLE KACH,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 06-1216<br>) |
| THOMAS HOSE, at al.,<br>Defendants | )<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.

May 9, 2008

This is an action under 42 U.S.C.A. § 1983 alleging violation of plaintiff's Constitutional rights. All claims stem from the alleged more than 10 year abduction of plaintiff by Mr. Hose, a security guard working in the McKeesport School District. Plaintiff has sued Mr. Hose, his parents, his employer, Judith Sokol (Mr. Hose's alleged accomplice), the City of McKeesport and its School Board, School District, and Police Department, as well as numerous McKeesport officials. Pending before the court is the parties' joint motion to file all summary judgment materials under seal. [Doc. No. 109].

There is a common law right of access to judicial records. U.S. v. Wecht, 484 F.3d 194, 207-08 (3d Cir. 2007). Access to judicial records provides the public with a more complete understanding of the judicial system, promotes the public perception of fairness, and diminishes the possibility of injustice and fraud. Id. at 210 (citations omitted). Documents filed with the court, including those attached to a motion for summary

judgment, are considered judicial records. Id. at 209. While the public's common law right to access judicial records is not absolute, there is a "strong presumption" that the public may view the records. Id. at 208. When parties assert that the need for confidentiality outweighs this strong presumption, the district court must balance the interests at stake. Id.

Here, the parties assert that the materials attached to their summary judgment filings contain information regarding plaintiff's psychological and medical history that is "not appropriate for public dissemination." [Doc. No. 109 at ¶2]. This confidentiality interest must be balanced against the strong presumption that the public may view any judicial records in this case. The court finds that the need for confidentiality, as articulated by the parties, cannot overcome the strong presumption in favor of public access.

First, information relating to plaintiff's psychological and medical background is at the foundation of this case as plaintiff seeks damages for alleged "physical injuries," "mental anguish," and "severe emotional distress" she suffered as a result of the abduction. [Doc. No. 63]. Second, some of the named defendants in this case are public entities and public officials whose defense costs, and any judgment against them, could ultimately be paid with public funds. Also, these entities and officials are answerable to the public who, inter alia, funds the

entities, elects the officials, and pays the officials' salaries. As such, this second consideration weighs heavily in favor of public access. Third, any embarrassment that may stem from the dissemination of plaintiff's physical and psychological history is something that plaintiff is presumed to have considered when she chose to file a civil suit for money damages. The importance of this information to her case would have been apparent at the outset, given the nature of plaintiff's claims and alleged damages.

For these reasons, the court concludes that the public has a common law right to access the materials that will be filed with the parties' motions for summary judgment. The parties' motion to file summary judgment material under seal [Doc. 109] is, therefore, DENIED.

BY THE COURT:

_____ J.

cc: All Counsel of Record

3