IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANYA NICOLE KACH,                    )
a/k/a Nikki Diane Allen,              )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )    Civil Action No. 06-1216
                                      )
THOMAS HOSE and on behalf of both     )
ST. MORITZ SECURITY SERVICES, INC.,   )
and McKEESPORT SCHOOL DISTRICT;       )
ST. MORITZ SECURITY SERVICES, INC.,   )
a Pennsylvania corporation, and on    )
behalf of the McKEESPORT SCHOOL       )
DISTRICT; McKEESPORT SCHOOL           )
DISTRICT; McKEESPORT SCHOOL BOARD;    )
DR. ROBERT WEINFURTNER,               )
Superintendent; The CITY OF           )
MCKEESPORT; ELEANOR HOSE AND HOWARD)
HOSE, as Husband and Wife;            )
E. MICHAEL ELIAS, Juvenile            )
Lieutenant McKEESPORT POLICE;         )
DAN PACELLA, Vice-Principal           )
McKEESPORT SCHOOL DISTRICT; ANDREA    )
ABRAMS, Acting-Principal McKEESPORT)
SCHOOL DISTRICT; TOM CARTER, Both     )
Chief, McKEESPORT POLICE, and         )
McKEESPORT SCHOOL BOARD Member;       )
JUDY SOKOL; and DEBBIE BURNETTE,      )
                                      )
          Defendants.                 )

MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                              September 12, 2008

          This is an action in civil rights under the Civil Rights

Act of 1871, 42 U.S.C. § 1983.  Plaintiff, Tanya Kach, alleges that

the individual and municipal defendants violated her substantive

due process and equal protection rights under the Fourteenth

Amendment to the United States Constitution.  Plaintiff also

alleges various state law claims. All claims stem from plaintiff's ten year relationship with defendant Thomas Hose, a former security guard who worked at plaintiff's school in the McKeesport School District.[1]

St. Moritz Security Services, Inc., the McKeesport School District defendants, and the City of McKeesport defendants have filed motions for summary judgment pursuant to Fed.R.Civ.P. 56(c) [doc. nos. 117, 122, and 112]. These defendants argue, among other things, that plaintiff's claims against them are untimely and, therefore, barred by the applicable statute of limitations. For the reasons set forth below, the motions will be granted.

I.   BACKGROUND

Unless otherwise indicated, the material facts set forth below are undisputed.

On February 10, 1996, plaintiff ran away from home. At the time, she was fourteen years old and a student at Cornell Middle School in the McKeesport School District. Plaintiff was troubled both at home, where she lived with her father and his girlfriend, and at school. She ran away from home on numerous

_____

[1]

Defendants the City of McKeesport, E. Michael Elias and Tom Carter will be referred to collectively as "City of McKeesport defendants". Defendants the McKeesport School District, the School Board, Dr. Robert Weinfurtner, Dan Pacella, Andrea Abrams, Debbie Burnette, and Tom Carter, in his capacity as a member of the School Board, will be referred to collectively as "McKeesport School District defendants."

prior occasions, struggled academically, missed school, skipped class repeatedly, and was often disciplined for fighting at school.

Although plaintiff had run away from home before, she had always returned. However, when plaintiff left her home on February 10, 1996, she had no intention of returning. This time, plaintiff left home to live with defendant Thomas Hose, a thirty seven year old security guard at the Cornell School. She had developed a social relationship with defendant Hose on school property beginning in the fall of 1995 that escalated to a sexual one. Plaintiff did not return to school, or tell anyone of her plan or where she was. She lived with defendant Hose, his mother, defendant Eleanor Hose, and father, defendant Howard Hose, until March 21, 2006.

Police came to the Hose home twice in 1999. On both occasions, plaintiff hid from police and made no effort to alert them to her presence. Although she was not physically restrained or locked in the house and had access to a telephone, plaintiff never tried leave, or use the telephone to notify anyone of her whereabouts.

In March of 2000, with defendant Hose's permission, plaintiff left the Hose house for the first time. She took a bus to a nearby shopping center to purchase personal items. After that, she would leave the house periodically by herself to run errands and go for walks. On those occasions, plaintiff made no

attempt to return to her father's home or reveal her identity to anyone.  Also in 2000, plaintiff asked defendant Hose to contact a lawyer regarding their relationship and ability to marry.

In June of 2005, plaintiff contends that she met defendant Hose's parents for the first time and assumed her alias, Nikki Diane Allen.[2]  Defendant Hose introduced her as his girlfriend, "Nikki," who was going to be living with them.  At that point, plaintiff began to freely walk about the house.  Plaintiff finally revealed her identity to friends for the first time in March of 2006.  One of those friends contacted the authorities and, on March 21, 2006, the police came to the Hose residence and removed her.

Thomas Hose was arrested and ultimately pled guilty to numerous state law crimes: endangering the welfare of children; sexual assault; indecent assault; interference with the custody of children; corruption of a minor; involuntary deviant sexual intercourse; and aggravated indecent assault.  He is currently serving a five to fifteen year prison sentence in the custody of the Pennsylvania Department of Corrections.

On September 14, 2006, plaintiff filed this lawsuit.

---

[2] On a motion for summary judgment, it is not the court's responsibility to assess the credibility of witnesses.  However, common sense dictates that it is incredulous that plaintiff could live in the same house with Hose's parents, who were not mentally or physically impaired, for nine years and not be known to them.

Plaintiff alleges section 1983 claims against the City of McKeesport defendants, the McKeesport School District defendants, and defendant St. Moritz, all of whom plaintiff claims acted under color of state law. Specifically, plaintiff alleges that the City of McKeesport defendants violated her Fourteenth Amendment substantive due process rights by: (1) failing to adequately investigate her inappropriate relationship with defendant Hose and her disappearance; (2) failing to adequately train and supervise police officers due to a custom or policy of indifference to the necessity for adequate training and supervision in lost juvenile matters; and (3) having a policy or custom of inadequate response to, and investigation of, citizen complaints. Plaintiff further claims the City of McKeesport defendants violated her Fourteenth Amendment equal protection rights to an education free and clear of such civil rights violations.

Plaintiff alleges that the McKeesport School District defendants violated her Fourteenth Amendment substantive due process and equal protection rights by: (1) failing to detect and prevent the inappropriate relationship between her and defendant Hose; (2) by tolerating the relationship; and (3) by failing to implement required policies and train staff regarding the prevention, detection, and reporting of such inappropriate relationships. Plaintiff further claims the McKeesport School District defendants violated her Fourteenth Amendment equal

protection rights to an education free and clear of such civil rights violations.

Plaintiff alleges that defendant St. Moritz violated her Fourteenth Amendment substantive due process and equal protection rights in the same manner as the McKeesport School District defendants. Plaintiff also alleges that St. Moritz acted negligently in hiring defendant Hose and in failing to train and supervise him.

Plaintiff asserts state law negligence claims against defendants Eleanor Hose, Howard Hose, and Judy Sokol, a friend of Thomas Hose.[3]

Finally, as to defendant Thomas Hose, plaintiff alleges a section 1983 claim and state law claims of civil assault and battery. With respect to her section 1983 claim, plaintiff alleges that defendant Thomas Hose, acting under color of state law, violated her Fourteenth Amendment substantive due process and equal protection rights.[4]

For the reasons discussed below, plaintiff's claims against the moving defendants are untimely.

---

[3] Default was entered against defendants Eleanor Hose, Howard Hose, and Judy Sokol on March 6, 2007 [doc. no. 50].

[4] Default was entered against defendant Thomas Hose on May 12, 2008 [doc. no. 116].

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

To demonstrate entitlement to summary judgment, defendants, as the moving parties, are not required to refute the essential elements of the plaintiff's cause of action. Defendants need only point out the absence or insufficiency of plaintiff's evidence offered in support of those essential elements. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Once that burden has been met, plaintiff must identify affirmative evidence of record that supports each essential element of his cause of action.  If plaintiff fails to provide such evidence, then he is not entitled to a trial, and defendants are entitled to summary judgment as a matter of law.

It is on this standard that the court has reviewed the instant motions for summary judgment and the responses thereto.

III. DISCUSSION

In order to recover in a section 1983 action, plaintiff must prove two essential elements: (1) defendants deprived her of a right secured by the Constitution or laws of the United States; and (2) defendants deprived her of this federal right under color of any statute, ordinance, regulation, custom, or usage of any State or Territory.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970).  Section 1983 does not create substantive rights.  It only allows plaintiff to recover damages for violations of rights protected by other federal laws or by the United States Constitution.  Wilson v. Garcia, 471 U.S. 261, 278 (1985).

The moving defendants argue that plaintiff's section 1983 claims expired, due to the applicable statute of limitations, no later than October 14, 2001.  Because plaintiff did not file this action until September 14, 2006, her section 1983 claims are time barred.  Plaintiff, however, argues that "the statute of

limitations accrued on March 21, 2006, the day the police arrived to rescue the Plaintiff from the Sole Street property" [doc. no. 138 at 88].  Plaintiff contends that, prior to March 21, 2006, she was "bereft of her cognitive faculties and associated capacity for normal adult judgment such that she was unable to fully appreciate the nature of defendant [Hose]."  Id. at 92.  Based upon this loss of normal judgment, plaintiff argues that the accrual of her claims was deferred.  Alternatively, plaintiff argues that her claims were equitably tolled based upon this loss of normal judgment.  The court agrees with defendants.

A. Section 1983 Claims

1. Timeliness

The applicable statute of limitations for a section 1983 claim is the general personal injury limitations period of the forum state.  Wilson, 471 U.S. at 279-80.  The statute of limitations for personal injury claims in Pennsylvania is two years. See Pa. Cons. Stat. Ann. § 5524(2) (2007).  Therefore, the applicable statute of limitations for plaintiff's section 1983 claims is two years from the date her section 1983 claims accrued.  Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989).

(a) Claim Accrual

The initial question, therefore, is when did plaintiff's section 1983 claims accrue.  Federal law, rather than state law, governs when a section 1983 claim accrues.  Wallace v.

9

<u>Kato</u>, 127 S.Ct. 1091, 1095 (2007). According to federal law, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [her] action is based." <u>Sameric Corp. Of Delaware, Inc. v. City of Phila.</u>, 142 F.3d 582, 599 (3d Cir. 1998). It is not necessary that plaintiff have the legal acumen to know that the defendants' actions violated her Constitutional rights for a section 1983 action to accrue, and, therefore, for the statute of limitations to begin to run. <u>See</u> <u>U.S. v. Kubrick</u>, 444 U.S. 111, 123-24 (1979). But, once plaintiff has the necessary information to put her on notice of a need for further inquiry, the statute of limitations begins to run. <u>Id</u>.

Plaintiff's injuries as to the moving defendants are the alleged violations of her Constitutional rights. Plaintiff was aware of these violations <u>and</u> their cause in 1996: plaintiff's section 1983 claim against the McKeesport School District defendants is that the school personnel knew or had reason to know that an improper relationship between her and defendant Hose was developing on school property and that they did nothing to investigate it or prevent it from happening; her claim against the City of McKeesport defendants is that they employed ineffective and unprofessional policies and police procedures, which failed to timely solve her disappearance and return her to her family; and, her claim against St. Moritz is that it hired defendant Hose without properly training him on school security matters and failed

10

to instruct him on the prohibition of engaging in inappropriate personal relationships with students.

Each omission and commission which plaintiff contends violated her Constitutional rights was known to her in 1996. She knew the school did not prevent her relationship with defendant Hose; she knew the police did not find her and return her to her family; and she also knew defendant Hose was sexually abusing her while employed by St. Moritz.

While plaintiff may not have understood the unconstitutional nature of the moving defendants' actions, and/or inaction, she was undeniably aware that they had taken place. That is all that is required for these claims to accrue. Kubrick, 444 U.S. at 123-24 (holding that the plaintiff's cause of action accrued when he possessed facts as to his injury and its cause).

Accordingly, plaintiff's claims accrued no later than 1996.

(b)  State Tolling

Tolling stops the statute of limitations from running when the date on which the claim accrued has already passed. Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Unlike the determination of when a section 1983 claim accrues, when, as here, the statute of limitations is borrowed from state law, tolling issues are also determined pursuant to state law. Wallace, 127 S. Ct. at 1098.

Pursuant to Pennsylvania law, plaintiff's claims were tolled until she reached the age of eighteen. See 42 Pa. Cons. Stat. Ann. § 5533(b)(1) (2007). This tolling provision, Pennsylvania's minor tolling statute, is the only Pennsylvania tolling provision that applies to plaintiff's claims.

In Pennsylvania, "the relevant statute of limitations begins to run as soon as the right to institute and maintain suit arises, which generally is when the injury was inflicted." Drelles v. Manufacturer's Life Ins. Co., 881 A.2d 822, 831 (Pa. Super. 2005) (citing Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005)). Mistake, misunderstanding, or lack of knowledge by the plaintiff does not toll the running of the statute of limitations. Dalrymple v. Brown, 701 A.2d 164, 167 (1997). "Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action." Fine, 870 A.2d at 857. Indeed, not even mental retardation will preclude the running of the statute of limitations under Pennsylvania's tolling statutes. See Lake, 232 F.3d at 366-67 (noting that the plaintiff's mental retardation was not a basis for preserving her state law claims under Pennsylvania's tolling statute or discovery rule).

Pennsylvania law does not recognize plaintiff's asserted loss of "normal adult judgment" as a basis for tolling her claims. In fact, Pennsylvania's minor tolling statute specifically

prohibits tolling even on the basis of insanity.  The statute states:

> Except as otherwise provided by statute, **insanity** or imprisonment does not extend the time limited by the subchapter for the commencement of a matter.  (Emphasis added).

42 Pa. Cons. Stat. Ann. § 5533(a) (2007).[5]

Plaintiff also suggests that the Pennsylvania statute of limitations could be tolled because she was under duress caused by Thomas Hose having threatened her if she left him.  We note the lack of authority for the proposition that "duress" can toll a statute of limitations for personal injury under Pennsylvania law.  There are no reported cases from which we could fairly conclude that the Pennsylvania Supreme Court would recognize tolling by duress.  Nor can we confidently predict that a state

---

[5] Pennsylvania's minor tolling statute was amended in 2002 to extend the statute of limitations for childhood sexual abuse claims to twelve years after attaining the age of eighteen.  42 Pa. Cons. Stat. Ann. § 5533(b)(2)(i)(2007).  The amendment became effective on August 27, 2002.  However, Section 3 of the Act of June 28, 2002, P.L. 518, No. 86 states that the 2002 amendment "shall not be applied to revive an action which has been barred by an existing statute of limitations on the effective date of this act."  Plaintiff reached eighteen years of age in 1999 and § 5533(b)(2)(i) cannot be applied to retroactively revive her claims.  See Baselice v. Franciscan Friars Assumption B.V.M. Province, Inc., 879 A.2d 270, 274 n. 1 (Pa. Super. 2005) (noting that Pennsylvania's minor tolling statute is not retroactive).  The courts have consistently held that the 2002 amendment cannot be applied retroactively.  See Baselice; Vonberg v. City of Phila., 07-3323, 2008 WL 268050 * 1 (E.D. Pa. Jan. 29, 2008) (holding that 42 Pa. Cons. Stat. Ann. § 5533(b)(2)(i)(2007) did not toll the plaintiff's claim because it could not be applied retroactively.)

which precludes tolling for literal incapacitation, including insanity or an inability to remember, would recognize duress as a basis for tolling.

Further, even if Pennsylvania were to recognize tolling by duress, it would likely utilize an objective standard, i.e., whether a plaintiff was faced with threats of serious impending harm in circumstances which would cause a reasonable person with an ordinarily firm mind to conclude that there was no practical recourse but to relinquish her legal rights. Accepting the averments made by plaintiff as to her duress, there is no basis to reasonably conclude that she could not resort to McKeesport authorities for assistance. Indeed, again, the police came to the Hose home on two occasions looking for her and she hid from them.

Accordingly, plaintiff's claims accrued in 1996 and, under Pennsylvania law, were tolled only until she reached the age of eighteen. Plaintiff turned eighteen years of age on October 14, 1999. Plaintiff's claims, therefore, expired two years later, on October 14, 2001. Because she filed this complaint on September 14, 2006, under application of Pennsylvania law, plaintiff's section 1983 claims are time barred.[6]

---

[6]

Moreover, Pennsylvania's discovery rule affords plaintiff no relief. The Pennsylvania courts adopted a discovery rule in recognition of the fact that some injuries are not immediately apparent. See Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005). The discovery rule applies in cases where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence. Id. In that case,

Relying upon <u>Lake v. Arnold</u>, 232 F.3d 360 (3d Cir. 2000), plaintiff argues that federal, not state, tolling principles apply here.  The court disagrees.

In <u>Lake</u>, a mentally retarded woman brought state law claims and section 1983 and section 1985 claims against various defendants, including her parents.  Her parents were responsible for her undergoing a tubal ligation in 1977, when she was a minor. <u>Lake</u>, 232 F.3d at 364.  The plaintiff allegedly did not learn of the sterilization procedure until a doctor's visit in 1994 when she was told that due to the sterilization procedure she and her husband could not bear children.  <u>Id</u>.  The plaintiff filed suit on May 31, 1995.  <u>Id</u>.  The district court dismissed her claims as untimely, holding that the two year statute of limitations applicable to all of her claims had expired.  <u>Id</u>. at 365.  The Court of Appeals for the Third Circuit affirmed the dismissal of the state law claims, noting that her mental retardation was not a basis for preserving her state law claims under Pennsylvania's tolling statute or discovery rule.  <u>Id</u>. at 366-67 (citing Pa. Cons. Stat. Ann. § 5533).

With respect to her section 1983 and section 1985

––––––––––––––––––

the statute of limitations does not begin to run until the person "discovers" the injury.  <u>Id</u>. at 859.  As discussed above, we have no discovery rule issue here.  Plaintiff was aware in 1996 of the conduct which she contends violated her Constitutional rights.

claims, the court recognized the general rule that state tolling principles apply in instances where the state statute of limitations was borrowed. The court held, however, that due to the unique facts of the case, federal equitable tolling doctrine may apply. <u>Lake</u>, 232 F.3d at 369-70. In its analysis, the court noted significant facts that distinguish <u>Lake</u> from this case. First, the plaintiff, as a mentally retarded person, was a member of a protected class. Second, the injury she suffered, involuntary sterilization, which deprived her of her Constitutional right to procreate, was one manifestation of discrimination historically inflicted on the mentally retarded. <u>Id</u>. at 369. The court then reasoned that to strictly apply Pennsylvania's statute of limitations law would conflict with the objectives of section 1983 and section 1985. Specifically, the court held,

> [T]he rigidity of the Pennsylvania statute of limitations in regard to mental incompetence, absent a guardian who will protect rather than jeopardize those rights, directly conflicts with Elizabeth's right as a mentally retarded person to remedy a violation of her constitutionally protected rights. We are thus not obligated to apply the state rule.

<u>Id</u>. at 370. Finding this conflict, the <u>Lake</u> court turned to the federal tolling doctrine.

Plaintiff's reliance upon <u>Lake</u>, a case involving "unique facts," is unavailing. <u>See</u> <u>Lake</u>, 232 F.3d at 371 (recognizing that the case involved "unique facts.") <u>Lake</u> is distinguishable from this case on multiple fronts. First, the

<u>Lake</u> court determined that it was not obligated to apply state tolling law based upon the conflict it found between Pennsylvania's tolling provisions and the remedial purpose of section 1983. <u>Id</u>. at 369-70. This conflict resulted from the facts that: (1) the <u>Lake</u> plaintiff was mentally retarded and, therefore, a member of a protected class, and, (2) that her involuntary sterilization was the type of discrimination suffered by the mentally retarded. <u>Id</u>. at 369. No such facts exist in this case. Plaintiff is not mentally retarded, not a member of a protected class, and has not suffered discriminatory treatment based upon any protected status. Therefore, the conflict which existed between Pennsylvania's tolling provisions and the remedial purpose of section 1983 in <u>Lake</u> does not exist here.

<u>Lake</u> is also distinguishable because the defendants sterilized the plaintiff, thereby violating her civil rights, <u>because</u> she was mentally retarded. <u>Lake</u>, 232 F.3d at 371 (noting that where the court has "permitted equitable tolling for mental disability in the past, the plaintiff's mental incompetence motivated, to some degree, the injury that he sought to remedy.") Here, the moving defendants did not violate plaintiff's civil rights because she was "bereft of her cognitive faculties and associated capacity for normal judgment."

Finally, given the cautious language used in <u>Lake</u> and the court's efforts to emphasize its "unique facts," we believe

that Lake was intended to be read narrowly and confined to its own facts. Indeed, we have located no case that cites Lake in support of a decision to apply federal equitable tolling principles to a section 1983 claim brought by a mentally incompetent person. Instead, Lake is often cited for the proposition that mental incapacity, alone, is not sufficient to justify equitable tolling. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (overruled in part on other grounds, Carey v. Saffold, 536 U.S. 214 (2002)); Nicolas v. Ocean Plaza Condominium Ass'n, Inc., 73 Fed. Appx. 537, 540, 2003 WL 22018888 *2 (3d Cir. Aug. 27, 2003); Passmore v. Pa., 08-cv-0705, 2008 WL 2518108 *3 (M.D. Pa. June 19, 2008).

Consequently, this case lacks any basis for the court to depart from the general rule that state, not federal, tolling laws apply in section 1983 cases. See Wallace, 127 S. Ct. at 1098 (holding that state tolling laws apply in section 1983 cases).

Accordingly, plaintiff's section 1983 claims against the City of McKeesport defendants, the McKeesport School District defendants, and St. Moritz expired on October 14, 2001.

### 2. State Actor

Although we have disposed of plaintiff's section 1983 claims against the above defendants, there still remains a single federal claim in this case; a section 1983 claim against defendant Thomas Hose. However, we are unable to apply the statute

of limitations analysis to the section 1983 claim against Mr. Hose because he has not raised the statute of limitations as a defense. Therefore, he has waived this defense. Fed. R. Civ. P. 8(c)(1).

Nevertheless, the undisputed material facts establish that Mr. Hose was at all relevant times acting in a purely private capacity and not under color of law. See Mark v. Borough of Hatboro, 51 F.3d 1137, 1150-51 (3d Cir. 1995); see also Screws v. U.S., 325 U.S. 91, 111 (1945) ("It is clear that under 'color' of law means under 'pretense' of law. Thus, acts of officers in the ambit of their personal pursuits are plainly excluded.").

While we recognize that Mr. Hose failed to move for summary judgment on this basis, district courts have the power to grant summary judgment sua sponte, so long as the party against whom summary judgment will be entered had notice of possible summary judgment and an opportunity to come forward with relevant evidence to prevent entry of summary judgment. Powell v. Beard, 07-2618, 2008 WL 2805663 *2 (3d Cir. July 22, 2008). In this case, the issue of whether Thomas Hose was a state actor for section 1983 purposes was squarely before plaintiff. Thomas Hose's former employer, defendant St. Mortiz, raised that exact issue in its briefing, and plaintiff herself briefed the issue extensively in opposition [doc. no. 132 at 38-40]. There is no prejudice to plaintiff in the fact that the issue was raised by St. Moritz,

rather than Thomas Hose. The facts, circumstances, and law on the issue are the same regardless of whether the employer or the employee raised it. Thus, the section 1983 claim against Thomas Hose is dismissed on the ground that plaintiff cannot establish that Mr. Hose acted under color of state law.

      B.   <u>State Law Claims</u>

Plaintiff's state law claims of negligent hiring and negligent supervision against defendant St. Moritz are also untimely. These negligence claims are also subject to a two year statute of limitation. 42 Pa. Cons. Stat. Ann. § 5524(2) (2007). As discussed above, the only Pennsylvania tolling statute which applies to plaintiff is 42 Pa. Cons. Stat. Ann. § 5533(b), which tolled her claims until she reached the age of eighteen on October 14, 1999. Therefore, as with her section 1983 claims, plaintiff's negligence claims against St. Moritz expired two years later, on October 14, 2001.

Defendants Thomas Hose, Eleanor Hose, Howard Hose and Judy Sokol have not raised the statute of limitations as a defense to the state law claims against them. However, the statute of limitation is an affirmative defense and unless raised by the defendant, is waived. Fed.R.Civ.P. 8(c)(1). Plaintiff's state law claims as to those defendants are, therefore, not dismissed as untimely.

The court must, therefore, consider whether it should entertain these remaining state law claims under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367(c)(3) (providing that the district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction). Supplemental jurisdiction is designed to permit a party to try in one judicial proceeding all claims arising out of a common nucleus of operative fact, without regard to their federal or state character. The purpose of supplemental jurisdiction is to promote convenience and efficient judicial administration. See generally David D. Siegal, Practice Commentary: The 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction, 28 U.S.C.A. § 1367, at 829-838 (1993).

Whether the court will exercise supplemental jurisdiction is within its discretion. See Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993). The primary justification for exercising supplemental jurisdiction, however, is absent if the substantive federal claim is no longer viable.

There is no bright line for determining whether a supplemental state law claim should be dismissed when the federal law claims have been eliminated before trial. The Supreme Court has made clear, however, that under circumstances such as those in

this case, the balance of factors, i.e., judicial economy, convenience, fairness, and comity, "will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Moreover, the clear direction of the Court of Appeals for the Third Circuit is that, unless extraordinary circumstances exist, it is inappropriate for a district court to proceed with supplemental state law claims where the underlying federal claim has been dismissed prior to trial. Rather, the proper course is for the district court to dismiss the state claim without prejudice. See Englert v. City of McKeesport, 872 F.2d 1144, 1152-53 (3d Cir. 1989) (referring to "pendent" state law claims); Lovell Mfg., A Div. of Patterson-Erie Corp. v. Export-Import Bank of the United States, 843 F.2d 725, 734-35 (3d Cir. 1988) (referring to "pendent" jurisdiction).

The court finds that no extraordinary circumstances exist to justify maintaining jurisdiction over plaintiff's supplemental state law claims against the non-moving defendants.

IV.     CONCLUSION

Plaintiff was victimized not only by an adult who preyed on her, but by the many adults who failed her. Yet, these circumstances cannot overcome the strong legal precedent supporting the enforcement of statutes of limitations. Statutes of

limitations "are desirable in that they prevent oppression by forbidding plaintiffs to litigate stale claims and thus compel defense at a time when such defense is no longer practicable and sometimes even impossible". <u>Ayers v. Morgan</u>, 154 A.2d 788, 794 (Pa. 1959). "Statutes of limitations are designed to insure fairness to defendants by preventing the revival of stale claims in which the defense is hampered by lost evidence, faded memories, and disappearing witnesses and to avoid unfair surprise." <u>Johnson v. Railway Exp. Agency, Inc.</u>, 421 U.S. 454, 473 (1975).

Because resolution of the timeliness issue disposes of all of plaintiff's claims against the moving defendants, we will not address the moving defendants' additional defenses. For the reasons set forth above, the moving defendants' motions will be granted. An appropriate order follows.

```
                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANYA NICOLE KACH,                 )
a/k/a Nikki Diane Allen,           )
                                   )
               Plaintiff,          )
                                   )
          v.                       )      Civil Action No. 06-1216
                                   )
THOMAS HOSE and on behalf of both  )
ST. MORITZ SECURITY SERVICES, INC.,)
and McKEESPORT SCHOOL DISTRICT;    )
ST. MORITZ SECURITY SERVICES, INC.,)
a Pennsylvania corporation, and on )
behalf of the McKEESPORT SCHOOL    )
DISTRICT; McKEESPORT SCHOOL        )
DISTRICT; McKEESPORT SCHOOL BOARD; )
DR. ROBERT WEINFURTNER,            )
Superintendent; The CITY OF        )
MCKEESPORT; ELEANOR HOSE AND HOWARD)
HOSE, as Husband and Wife;         )
E. MICHAEL ELIAS, Juvenile         )
Lieutenant McKEESPORT POLICE;      )
DAN PACELLA, Vice-Principal        )
McKEESPORT SCHOOL DISTRICT; ANDREA )
ABRAMS, Acting-Principal McKEESPORT)
SCHOOL DISTRICT; TOM CARTER, Both  )
Chief, McKEESPORT POLICE, and      )
McKEESPORT SCHOOL BOARD Member;    )
JUDY SOKOL; and DEBBIE BURNETTE,   )
                                   )
               Defendants.         )
```

<u>ORDER</u>

AND NOW, this 12th day of September, 2008, IT IS HEREBY ORDERED that the motions for summary judgment filed on behalf of defendants the City of McKeesport, Tom Carter and E. Michael Elias [doc. no. 112], the McKeesport School District, its School Board, and school officials Dan Pacella, Andrea Abrams, Debbie Burnette, Tom Carter, and Dr. Robert Weinfurtner [doc. no. 122], and St. Moritz Security Services, Inc. [doc. no. 117] are GRANTED.

Plaintiff's claims against these defendants are dismissed with prejudice.

IT IS FURTHER ORDERED THAT plaintiff's section 1983 claim against defendant Thomas Hose is dismissed with prejudice.

IT IS FURTHER ORDERED THAT the defaults entered against defendants Thomas Hose, Howard Hose, Eleanor Hose and Judy Sokol by the Clerk of Courts [doc. nos. 50, 116] are set aside.

IT IS FURTHER ORDERED THAT the court declines to exercise supplemental jurisdiction over the remaining state law claims against defendants Thomas Hose, Howard Hose, Eleanor Hose and Judy Sokol.

IT IS FURTHER ORDERED THAT plaintiff's remaining state law claims against defendants Thomas Hose, Howard Hose, Eleanor Hose and Judy Sokol are dismissed without prejudice.

BY THE COURT:

s/Gary L. Lancaster____,
Gary L. Lancaster,
United States District Judge